USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9-1-11

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
STEPHAN ROSS,

                              Petitioner,                      09 Civ. 5737(PKC)(DF)

            -against-                                ORDER ADOPTING REPORT
                                                                             AND RECOMMENDATION

WILLIAM BROWN, Superintendent of Eastern
NY Correctional Facility,

                              Respondent.
-----------------------------------------------------------x

P. KEVIN CASTEL, District Judge:

        The petition for a writ of habeas corpus was referred to Magistrate Judge Debra Freeman for a report and recommendation. On May 3, 2011, Magistrate Judge Freeman issued a Report and Recommendation ("R & R") recommending that the petition be denied.

        The R & R advised the parties that they had fourteen days from service of the R & R to file any objections, and warned that failure to timely file such objections would result in waiver of any right to object. The R & R expressly called petitioner's attention to Rule 72(b), Fed. R. Civ. P., and 28 U.S.C. § 636(b)(1).

        Petitioner, by letter received June 14, 2011, belatedly sought an extension of the fourteen day period for filing objections and this Court granted him until July 11, 2011 to file objections. (DE 17) By letter received July 8, 2011, petitioner filed an objection which reads in full as follows: "I Stephen Ross inmate of Woodbourne Corr. Facility object to the Report of [sic] Recommendation from William Brown of Eastern Corr. Fac [sic]. I would like to further continue this case." Rule 72(b)(2) requires the service and filing of "specific written objections to the proposed findings and recommendations." There was no specificity in petitioner's objection and,

2

thus, it did not satisfy the requirements of Rule 72(b), Fed. R. Civ. P. Arguably the lack of any specificity in his objections results in a waiver of his right to object to the R & R or obtain appellate review. See Abeshouse v. Ultragraphics, Inc., 754 F.2d 467, 472 (2d Cir. 1985).

Nevertheless, I have, in the exercise of discretion and the interests of justice, afforded petitioner a de novo review, albeit one unguided by specific objections. Upon review, I agree with Magistrate Judge Freeman's well-reasoned recommendation. Petitioner was the driver of the getaway car in a gunpoint robbery of two women. As a police car began pursuit, the getaway car ran a red light and crashed into another car injuring its passenger. At his plea allocution, he was informed of his right to a trial and admitted the elements of the crime. The facts supported a conviction for the crime of first-degree robbery. As part of the plea deal, the state court imposed a sentence of 12 years for a crime that exposed petitioner to a potential sentence of between 5 and 25 years. Petitioner's guilty plea was knowing and voluntary and based in fact and law. His sentence neither was excessive, nor amounted to a denial of equal protection nor was otherwise constitutionally infirm.

The R&R is adopted in its entirety and the petition is DENIED. The Clerk shall enter judgment for the respondent.

Petitioner has not made a substantial showing of the denial of a constitutional right and, accordingly, a certificate of appealability will not issue. 28 U.S.C. § 2253. An appeal from this Order or the resulting judgment may not be taken in forma pauperis because this Court certifies that any appeal would not be taken in good faith. 28 U.S.C. § 1915(a)(3).

3

SO ORDERED.

_____
P. Kevin Castel
United States District Judge

Dated: New York, New York
September 1, 2011